IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS GOHRE,

                Plaintiff,
  v.

                                                      OPINION and ORDER

OFFICER VAN NATTA, MICHAEL DOTSON,
DYLAN HOFFSTATTER, JOHN DOE #1, JOHN DOE             25-cv-273-jdp
#2, SGT. LUKAS ROBERTSON, LT. LATURIS,
ETHAN MARCZESKI, and HSU MANAGER ACKER,

                Defendants.

---

Plaintiff Demetrius Gohre is now incarcerated at Stanley Correctional Institution. Gohre alleges that when he was housed at Columbia Correctional Institution (CCI), CCI staff violated his federal rights in various ways, including by: (1) disregarding the risk that he would attempt suicide; (2) using excessive force on him; and (3) denying him pain medication for his migraine headaches. Gohre is proceeding without counsel.

Gohre is also proceeding without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a claim for which I could grant relief, or seeks money damages from an immune defendant. I must accept Gohre's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will not allow Gohre to proceed on any of his claims because his complaint violates Federal Rule of Civil Procedure 20 by bringing several claims based on separate events against mostly different defendants. But I will give Gohre an opportunity to choose which of his claims he wishes to proceed on in this case, and a chance to inform the court whether he wishes to open new cases to pursue his other unrelated claims.

ALLEGATIONS OF FACT

The events underlying Gohre's claims occurred from July 6 to July 10, 2023, and can be grouped into five primary incidents.

**Incident 1**: On July 6, 2023, Gohre was experiencing severe migraine headaches. Defendant Van Natta repeatedly denied Gohre pain medication for that problem. Gohre then repeatedly told Van Natta that he was suicidal and needed psychological services. Van Natta ignored Gohre, told him that he couldn't help him, and walked away. Gohre then attempted suicide by hanging himself from his bunk. Staff eventually noticed Gohre and performed a cell extraction.

**Incident 2**: On the way to the restrictive housing unit, defendant Dotson applied wrist and ankle restraints to Gohre, which caused him "great pain." Dkt. 1 at 5. Gohre told defendant Lt. Hoffstetter, who said that they didn't have that far to go. The application of the wrist and ankle restraints caused Gohre's wrists and ankles to swell over the next few days. During the escort, defendants Dotson, Hoffstetter, and John Doe #1 body-slammed Gohre. The officers then kneed and elbowed Gohre in the neck, back, and lower body, and they yelled at him to stop resisting even though he was not resisting.

**Incident 3**: After Gohre was placed in a restraint chair, defendant John Doe #2 choked him and forced his head "down and backwards over the back of the restraint chair by forcibly pushing the ball of his hand into [Gohre's] eye socket." Dkt. 1 at 6. Gohre was not resisting when John Doe #2 applied this force, which caused Gohre "great pain" in his neck and face and worsened his migraines. *Id.*

**Incident 4**: Gohre was then placed on observation in cell 18. The cell had feces smeared on the ceiling, vent, mirror, and door. Gohre told Dotson and defendant Robinson but

remained in the cell for hours. Gohre was eventually moved to observation cell 16, which had feces on the door, door trap, and under the toilet. Gohre told Dotson, Robinson, Hoffstetter, defendant Laturis, and defendant Marczeski but remained in cell 16 overnight. Gohre couldn't sleep and had to "continuously battle" with flies. *Id.* The next day, Gohre was moved to observation cell 44, which had feces on the floor trap, door trap, door window, tissue holder, bed, and under the sink. Gohre had to sleep on the cell floor to avoid the feces on the bed. Gohre was housed in cell 44 for three days, during which times he repeatedly complained to Dotson, Robinson, Hoffstetter, Laturis, and Marczewski about those conditions. Gohre had open wounds while he was housed in the observation cells, which caused him mental distress due to feces exposure.

**Incident 5**: While in cell 44, Gohre started suffering from a "very bad" migraine headache. *Id.* at 7. Gohre told nondefendant Nurse Lori during the evening medication pass, but she said that she couldn't give him medication until noon medication pass the next day. Gohre told Lori that he received that medication on an as-needed basis, but Lori said that she could not help him. Gohre later wrote the health services unit manager, defendant Acker, who said that he would not receive his medication on an as-needed basis until he returned to the general population.

ANALYSIS

Gohre brings Eighth Amendment claims based on each incident set forth above:

**Incident 1**: conscious disregard of safety against Van Natta

**Incident 2**: excessive force against Dotson, Hoffstetter, and John Doe #1

**Incident 3**: excessive force against John Doe #2.

3

**Incident 4**: conscious disregard of safety against Dotson, Robinson, Hoffstetter, Laturis, and Marczewski.

**Incident 5**: denial of medical care against Acker.

There is an obstacle to screening the merits of Gohre's claims: improper joinder. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff may join multiple defendants only when the claims arise from the same set of events and share a common question of law or fact. Courts may consider whether the plaintiff has improperly joined defendants when screening a complaint. *See Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018). As set forth above, Gohre bases his claims on separate events and asserts them against mostly different defendants. Gohre's complaint does not comply with Rule 20.

I will give Gohre a short time to respond to this order to explain which one of his five potential lawsuits he wishes to pursue under this case number. After Gohre provides that information, I will treat the part of his complaint related to that incident as the operative pleading and screen the corresponding claim. If Gohre also wishes to proceed on any of the other four incidents set forth above, he should inform the court and I will open a new lawsuit under a new case number for each incident that Gohre chooses. If Gohre chooses to pursue any of the other four incidents, he will owe the court the full filing fee for each new lawsuit, and he will have to pay an initial partial filing fee in each new lawsuit.

ORDER

IT IS ORDERED that plaintiff Demetrius Gohre may have until November 25, 2025, to file a short notice in which he chooses which of the five incidents set forth above he wishes to pursue under this case number, and in which he informs the court whether he wishes to proceed on any of the other four incidents also set forth above.

Entered November 4, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge