IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEMETRIUS GOHRE,

                Plaintiff,

  v.

OFFICER VAN NATTA, MICHAEL DOTSON,
DYLAN HOFFSTATTER, JOHN DOE #1, JOHN DOE
#2, SGT. LUKAS ROBERTSON, LT. LATURIS,
ETHAN MARCZESKI, and HSU MANAGER ACKER,

                Defendants.

OPINION and ORDER

25-cv-273-jdp

---

      Plaintiff Demetrius Gohre is now incarcerated at Stanley Correctional Institution. Gohre alleges that when he was housed at Columbia Correctional Institution, staff violated his federal rights in various ways, including by disregarding the risk that he would attempt suicide.

      On initial screening of the complaint, I did not screen any of his claims on the merits because his complaint violated Federal Rule of Civil Procedure 20 by bringing several claims based on separate events against mostly different defendants. But I allowed Gohre to choose which of his claims he wished to proceed on in this case and to inform the court whether he wished to open new cases to pursue his other unrelated claims.

      Gohre has notified the court that, in this case, he wishes to pursue his Eighth Amendment claim based on conscious disregard of safety against defendant Officer Van Natta. Dkt. 8. Now, having screened that claim on the merits, I will not allow Gohre to proceed on that claim because he has failed to state a plausible claim for relief. But I will allow Gohre to amend the complaint to fix the problems identified in this order. I will dismiss Gohre's other claims for improper joinder for the reasons in my initial screening order and remove the other defendants from the case.

ALLEGATIONS OF FACT

On July 6, 2023, while incarcerated at Columbia Correctional Institution, Gohre was experiencing severe migraine headaches. Correctional officer Van Natta repeatedly denied Gohre pain medication for that problem. Gohre then repeatedly told Van Natta that he was suicidal and needed psychological services. Van Natta ignored Gohre, told him that he couldn't help him, and walked away. Gohre then attempted suicide by hanging himself from his bunk. Staff eventually noticed Gohre and performed a cell extraction. Gohre was then placed on clinical observation.

ANALYSIS

The Eighth Amendment prohibits prison officials from consciously disregarding an excessive risk to prisoner safety, including serious acts of self-harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Lisle v. Welborn*, 933 F.3d 705, 716 (7th Cir. 2019). To state a claim based on conscious disregard of safety, Gohre must plausibly allege that (1) he faced an objectively serious risk of harm that (2) Van Natta consciously disregarded. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). I will assume for purposes of this opinion that the risk that Gohre would attempt suicide was objectively serious. The issue is whether Gohre has plausibly alleged that Van Natta consciously disregarded that risk.

Conscious disregard involves intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Gohre must allege that Van Natta "actually knew of, but disregarded, a substantial risk to [his] health." *See Cesal v. Moats*, 851 F.3d 714, 721 (7th Cir. 2017). Van Natta must have known of facts from which he could infer a

substantial risk that Gohre would attempt suicide, and Van Natta also must have drawn that inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Gohre alleges that Van Natta repeatedly denied him pain medication, after which Gohre repeatedly told Van Natta that he was suicidal and needed psychological services. Gohre adds that Van Natta ignored that request, prompting Gohre to hang himself from the bunk. The allegation that Gohre told Van Natta that he was suicidal and needed psychological services, by itself, doesn't plausibly suggest that Van Natta thought that Gohre would try to harm himself, let alone attempt suicide. "As this and other courts have acknowledged, prisoners sometimes use threats of self-harm to manipulate prison staff." *Fritsch v. Ries*, No. 23-cv-803-jdp, 2025 WL 1697182, at *4 (W.D. Wis. June 16, 2025). Without more facts indicating that Gohre was at risk of self-harm, Van Natta had reason to doubt Gohre's threat. Gohre also alleges that Van Natta denied his requests for pain medication. But, even if Van Natta thought that Gohre was in pain, it's implausible that Van Natta realized that Gohre would try to harm himself. A serious act of self-harm is not the type of reaction that would be expected from a person merely complaining about pain. I will not allow Gohre to proceed on this claim.

In Gohre's notice to the court, he asks for clarification about "whether or not there is a time limit outside of the three year statute for him to pursue" the improperly joined claims. Dkt. 8 at 1. I will clarify that the improperly joined claims are subject to the three-year statute of limitations. Now that those claims have been dismissed, the clock is running.

ORDER

IT IS ORDERED that:

1. Plaintiff's complaint, Dkt. 1, is DISMISSED, with the results that: (1) plaintiff's Eighth Amendment claim based on conscious disregard of safety against defendant

Officer Van Natta is dismissed, with leave to amend, for failure to state a claim; and (2) plaintiff's other claims are dismissed without prejudice for improper joinder.

2. Plaintiff may have until January 21, 2026, to submit an amended complaint that fixes the problems with his Eighth Amendment claim based on conscious disregard of safety against Van Natta.

3. Plaintiff must file his amended complaint on the court's prisoner complaint form, which the court will send him with this order. Plaintiff must fill out the form completely. If plaintiff requires any additional space to allege his claims, he may submit no more than five supplemental pages. Any text on the form or a supplemental page must be large enough and have enough spacing between lines and in the margins for the court to read it easily.

4. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made, and the Eighth Amendment claim based on conscious disregard of safety presented in, the amended complaint, and against only defendants specifically named in the amended complaint's caption.

5. If plaintiff fails to comply with this order, I may dismiss this case.

6. Dotson, Hoffstatter, John Does #1–2, Robertson, Laturis, Marczeski, and Acker are to be removed from the case.

7. Plaintiff must inform the court of any new address. If he fails to do this and defendant or the court cannot locate him, this case may be dismissed.

8. Plaintiff should keep a copy of all documents for his own files. If he is unable to use a photocopy machine, he may send out identical handwritten or typed copies of his documents.

9. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

Entered December 22, 2025.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge